UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**BARRY T. ELLIOT**                                                                                           **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 1:23-CV-P89-JHM**

**LOGAN CO. SHERIFF'S OFFICE** *et al.*                                                        **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Barry T. Elliot filed the instant *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action.

### I.

Plaintiff brings this action against the Logan County Sheriff's Office and the Logan County Drug Task Force. In the "Defendants" section of the complaint form, Plaintiff lists five officers who he sues in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On July 12, 2021, the listed officers came to my sisters residence without a warrant at which time they assaulted and tazed me without reason. I will not waste time explaining for there is video footage. Video is enclosed.[1] I told officers of my medical problems with a bad heart at which time they said "F—k your heart" and proceeded to tase me. After all this took place, you can hear officer state "Do I need to go get search warrant now." I will not go into any further detail for the videos speak for themselves.

As relief, Plaintiff seeks damages.

### II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion

---

[1] Although not pertinent to the Court's decision, there is no video in the record.

of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting

under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court construes the complaint as asserting Fourth Amendment excessive-force claims under § 1983.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations starts to run either "when the plaintiff has a complete and present cause of action" (the "standard" rule) or "when the plaintiff discovered (or should have discovered) the cause of action" (the "discovery" rule) *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019)).[2] In *Dibrell*, the Sixth Circuit declined to decide which rule to apply to the plaintiff's Fourth Amendment claims because the claims "would be untimely either way." *Id*. at 1162.

The Court finds that the same is true of Plaintiff's Fourth Amendment excessive-force claim. Plaintiff alleges he was tazed on July 12, 2021, and obviously knew he was tazed on that date. Therefore, he had complete cause of action on that date. Plaintiff then had until July 12, 2022, at the latest, to bring this action. *See Hodge v. City of Elyria*, 126 F. App'x 222, 224 (6th Cir. 2005) (holding that "when asserting a claim under § 1983 for the use of excessive force, the 'injury' occurs on the date of the constitutional injury, the date the allegedly excessive force is used").

---

[2] Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Plaintiff indicates that he placed the complaint in the prison mail system on July 3, 2023.[3] Using this date means that Plaintiff filed this action almost one year after the expiration of the statute of limitations.

Thus, this action must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

### IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: September 21, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

---

[3] Under the "prison mailbox rule," "a *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008)